IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA ANN PRITCHETT (BOP Register No. 36089-177), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-3344-M-BN |
| JODY UPTON, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Paula Ann Pritchett, a federal prisoner, proceeding *pro se*, initially filed this action as one under 28 U.S.C. § 2254.

But, based on Pritchett's verified responses to the questionnaire issued after the Section 2254 petition was filed, United States District Judge Sidney A. Fitzwater concluded that Pritchett "is challenging the execution of a sentence imposed by this court." Dkt. No. 8 at 1 (citing *United States v. Pritchett*, No. 3:07-cr-19-M (02) (N.D. Tex.)); *see also* Dkt. No. 7 at 2 (asked to clarify her allegations "by stating the execution of which sentence – state or federal – [she] was challenging," Pritchett responded by reciting the imprisonment language in the Court's August 15, 2013 judgment revoking her supervised release, *see* No. 3:07-cr-19-M (02), Dkt. No. 114 at 2).

Because "28 U.S.C. § 2241 'is the proper procedural vehicle if a prisoner challenges the execution of his federal sentence rather than the validity of a federal conviction and sentence,'" Dkt. No. 8 at 1 (quoting *Gallegos-Hernandez v. United*

-1-

*States*, 688 F.3d 190, 194 (5th Cir. 2012); citation, internal quotation marks, and brackets omitted), Judge Fitzwater ordered that Pritchett's Section 2254 petition be recharacterized as a Section 2241 petition and that this action be transferred to Chief Judge Barbara M. G. Lynn under Amended Special Order 3-250 because Judge Lynn presided over Pritchett's criminal case, *see id.* at 1-2.

This Section 2241 action remains referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Judge Lynn. And the undersigned enters the following findings of fact, conclusions of law, and recommendation that, because Pritchett has not properly exhausted available administrative remedies prior to filing this action, the Court should dismiss this action *sua sponte* without prejudice.

The undersigned further recommends that the Court terminate the Motion for Credit for Time Served filed by Pritchett in her criminal case, *see* No. 3:07-cr-19-M (02), Dkt. No. 118, on the basis of this recommendation, because it is clear that Pritchett initiated this civil action in response to the October 28, 2016 Notice of Deficiency issued in that action, *see id.*, Dkt. No. 120.

## Legal Standards and Analysis

The Court should dismiss Pritchett's petition because, before a Section 2241 proceeding may be filed in a federal district court, an inmate must properly exhaust available administrative remedies, which means that a federal prisoner seeking relief under Section 2241 "'must first exhaust [her] administrative remedies through the

Bureau of Prisons.'" *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990); citation omitted).

Pritchett's verified questionnaire responses reflect that she failed to pursue administrative remedies prior to filing both the Motion for Credit for Time Served and the current civil action. *See* Dkt. No. 7 at 4 (Q. "If you are challenging the execution of your federal sentence, have you exhausted administrative remedies through the Federal Bureau of Prisons?" A. "N/A").

While "exhaustion of administrative remedies is not required where they are 'unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action,'" "[e]xceptions to the exhaustion requirement apply only in extraordinary circumstances, and it is [Pritchett's] burden to demonstrate the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (per curiam) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). Pritchett has not carried that burden, however, because "[she] has not demonstrated that properly exhausting those remedies would have been an exercise in futility." *Id.* at 361-62.

Moreover, under the Prison Litigation Reform Act (the "PLRA"), "a district court may only 'dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust administrative remedies, *if the complaint itself makes clear* that the prisoner failed to exhaust.'" *Yankton v. Epps*, 652 F. App'x 242, 247 (5th Cir. 2016) (per curiam) (quoting *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (in

turn citing *Jones v. Bock*, 549 U.S. 199, 214-16 (2007)); emphasis in *Yankton*; brackets omitted).[1] But "the PLRA does not apply to federal habeas proceedings. [And n]othing in *Jones* prohibits the *sua sponte* dismissal of a section 2241 petition on exhaustion grounds." *Wy v. Berkebile*, No. 3:08-cv-1894-G, 2008 WL 5262711, at *2 n.2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, No. 1:CV-07-1274, 2008 WL 2787874, at *1 (M.D. Pa. July 17, 2008)); *accord Callahan v. Young*, No. 2:12-cv-2955, 2013 WL 3346842, at *2 n.2 (W.D. La. July 2, 2013). So, the fact that Pritchett indicates that she failed to pursue and exhaust available administrative remedies through a verified response to the questionnaire does not prevent the *sua sponte* dismissal of this action.

## Recommendation

The Court should dismiss the 28 U.S.C. § 2241 habeas petition *sua sponte* without prejudice because administrative remedies were not exhausted prior to filing. For the same reason, the Court should terminate Pritchett's Motion for Credit for Time Served. *See* No. 3:07-cr-19-M (02), Dkt. No. 118.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

---

[1] *See also Torns v. Miss. Dep't of Corrs.*, 301 F. App'x 386, 389 (5th Cir. 2008) (per curiam) ("*Jones* undermines the district court's assertion that its job is to ensure exhaustion of administrative remedies through early-stage screening under [28 U.S.C.] § 1915A. *See* 549 U.S. at 215. Moreover, under *Carbe*, the district court cannot sidestep *Jones* by requiring plaintiff to affirmatively plead exhaustion. 492 F.3d at 328. Thus, the district court erred by using Question 7 of the prisoner's form complaint to prompt Torns for information about his exhaustion of administrative remedies and by relying on the elicited information.").

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 30, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE